UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLENN DAVIS,

    Plaintiff,

v.

STEVEN POSSON CME, et al.,

    Defendants.

Case No. 22-cv-00820 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL**

(Docket No. 9)

Plaintiff, a state prisoner, filed a civil action in Monterey County Superior Court against several defendants, including Dr. S. Posson and Dr. M. Sweet at the Correctional Training Facility ("CTF") where Plaintiff is currently confined. Defendants Posson and Sweet removed this action to this Court under 28 U.S.C. § 1441, and requested the complaint be screened under 28 U.S.C. § 1915A(a). Dkt. No. 1. This matter was reassigned to the Undersigned on February 23, 2022, after the parties declined magistrate judge jurisdiction. Dkt. Nos. 4, 7, 6. Plaintiff has also filed a motion for appointment of counsel. Dkt. No. 9.

///

///

///

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Plaintiff claims that due to his medical history, which includes having Valley Fever and being mobility impaired, he is "totally disabled, high risk." Dkt. No. 1 at 14. Plaintiff claims that CTF failed to protect him when he contracted COVID-19 in January 2021, by housing inmates who tested positive for Covid-19 with non-tested inmates and those with severe respiratory medical problems in the "Q-wing infirmary Out-Patient-Unit" ("OHU"). *Id.* at 16-17. Plaintiff identifies four causes of action: (1) professional negligence and medical malpractice, Dkt. No. 1 at 20-21; (2) "statutory negligence" under Government Code § 845.6, *id.* at 22; (3) intentional infliction of emotional distress, *id.* at 23; and (4) "general negligence - deliberate indifference," *id.* at 24. He seeks damages. *Id.* at 9.

The Court first notes that Plaintiff's causes of action, except for part of the fourth claim as discussed below, *see infra* at 4, arise out of state law. Defendants correctly assert that the Court has supplemental jurisdiction over state-law claims. Dkt. No. 1 at 3; 28 U.S.C. § 1367(a). Section 1367(a) provides that "'district courts shall have supplemental

2

jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution,'" and confers power to entertain supplemental jurisdiction in mandatory terms. *See Executive Software North America, Inc. v. United States District Court*, 24 F.3d 1545, 1555 (9th Cir. 1994) (quoting 28 U.S.C. § 1367(a)) (emphasis added). Pendent jurisdiction nonetheless "is a doctrine of discretion, not of plaintiff's rights," *id.* at 172, and § 1367(c) codifies the district's court's discretion to decline jurisdiction over pendent claims by considering and weighing at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity, *see id.* at 173. Where the court has dismissed all federal claims on the merits, rather than for lack of subject matter jurisdiction, it has discretion under § 1367(c) to adjudicate or to dismiss the remaining state law claims. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (court may decline to exercise supplemental jurisdiction over related state-law claims under subsection (c)(3) once it has dismissed all claims over which it has original jurisdiction.)

Defendants removed this action to this Court based on Plaintiff's reference to the Americans with Disability Act of 1990 ("ADA") and the Eighth Amendment. *Id.* at 2, 11, 18. However, the complaint fails to state sufficient facts to support a claim under the ADA or the Eighth Amendment.

Title II of the ADA, 42 U.S.C. § 12101 *et seq.*, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II protects "a qualified individual with a disability." 42 U.S.C. § 12132. In the context of the ADA, the term "disability" means: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the person; (B) having a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* § 12102(1). For purposes of § 12102(a), "major life activities include, but are not limited to, caring for

3

oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).  Even if Plaintiff has a disability that qualifies for protection under the ADA, there is no allegation that he was excluded from or denied the benefits of any service, program, or activity of the prison.

With respect to the Eighth Amendment, only Plaintiff's fourth cause of action, liberally construed, implicates this Amendment as he alleges that Defendants were not only negligent but also deliberately indifferent.  *See supra* at 2.  However, negligence, even gross negligence, is not cognizable under § 1983 and is only viable under state law.  *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).

On the other hand, the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  *See Helling v. McKinney*, 509 U.S. 25, 31 (1993).  The Eighth Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.  *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989).  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).  A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer*, 511 U.S. at 837.  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.*  If a prison official should have been aware

4

of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Plaintiff's allegations are insufficient to state an Eighth Amendment claim. Even if the deprivation to Plaintiff was objectively and sufficiently serious, there is no allegation in the complaint that any named Defendant knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. Although Plaintiff alleges that he submitted a healthcare grievance addressed to Defendants Posson and Sweet complaining of the intermingling of infected inmates with other inmates in the OHU, there is no allegation that these Defendants were actually aware that Plaintiff was a "high risk" patient and yet failed to take reasonable steps to abate the risk to his health and safety. The fact that they should have known but did not may establish negligence on their part, but not deliberate indifference.

Plaintiff shall be granted leave to file an amended complaint to allege specific facts to state claims under the ADA and Eighth Amendment. In preparing an amended complaint, Plaintiff should keep the following legal standards in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

In the alternative, Plaintiff may opt to strike the federal claims from the complaint and proceed solely on the state law claims set forth in the complaint, in which case the Court will decline to exercise supplemental jurisdiction and remand the matter back to the Monterey County Superior Court to adjudicate the remaining state law claims. *See Ove*,

264 F.3d at 826.

## C. Motion for Appointment of Counsel

Plaintiff requests appointment of counsel due to a scheduled neck surgery and additional operations with extensive recovery time. Dkt. No. 9 at 2. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff's grounds for appointment of counsel based on medical procedures does not amount to exceptional circumstances. Accordingly, the motion is **DENIED**. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above. The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 22-cv-00820 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed.

6

Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. In the alternative, Plaintiff may file notice in the same time provided that he wishes to strike the ADA and Eighth Amendment claims from the complaint and have this matter remanded back to state superior court to adjudicate the remaining state law claims.

3. **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of the ADA and Eighth Amendment claims for failure to state a claim without further notice to Plaintiff. The Court will then remand the matter back to state superior court to adjudicate the remaining state claims.**

**IT IS SO ORDERED.**

Dated:  __June 29, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend; Denying M. For Appt. of Counsel
PRO-SE\BLF\CR.22\00820Davis_dwlta&atty

7